

December 18, 2025

**Via ECF**
Hon. Christine P. O'Hearn
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 6050
Camden, NJ 08101

Re:   *Nazarene v. Dehmer, et al.* (No. 1:25-cv-17770)

Dear Judge O'Hearn:

We represent Gail Nazarene, the plaintiff in the above-referenced matter. We write in advance of the December 19, 2025, status conference to explain our opposition to Defendants' request that the Court stay their obligation to respond to Ms. Nazarene's complaint until after all briefing, argument, and decision in her preliminary injunction motion, Dkt. No. 4. *See* Dkt. No. 24 at 2 ("Defendants respectfully request a stay of their response deadlines until after the pending motion has been decided."). We have attempted to work with the state's counsel about the several scheduling issues and adjournment requests they have raised, but we could not consent to the state's request for an indefinite adjournment of Defendants' obligation to respond to the complaint.

Ms. Nazarene is an elected school board member for the Alloway Township Board of Education. She seeks to exercise her First Amendment rights to discuss school matters of public concern with her constituents. But Defendants' announced interpretation and enforcement of New Jersey's School Ethics Act, N.J.S.A. §§ 18A:12-21–12-34, precludes school board members from speaking publicly about school issues—even if they clarify that they are speaking only in a personal capacity.

We filed Plaintiff's complaint on November 20, 2025. Dkt. No. 1. Along with the complaint, we filed and served a preliminary injunction motion, Dkt. No. 4, asking the Court to hold that the state's interpretation of the School Ethics Act likely violates the First Amendment, as it punishes board members for speaking on matters of public concern and chills Ms. Nazarene and other school board members from speaking.

On November 21, 2025, the state's counsel contacted us to request an extension of the preliminary injunction schedule, which the Court's rules originally set for the December 15, 2025, motion day. We worked with the state and reached a stipulation to extend the briefing and hearing dates for the preliminary injunction motion. We submitted the stipulation to the Court, Dkt. No. 20, and the Court accepted it by Letter Order on December 1, 2025, Dkt. No. 21.

The preliminary injunction motion was thus set for the January 20, 2026, motion day. Defendants' deadlines to respond under Federal Rule of Civil Procedure 12(a) accordingly were December 12, 16, and 17, 2025.[1] Fed. R. Civ. P. 12(a)(1)(A)(i).

When the state's counsel contacted us about extending the preliminary injunction schedule, they did not request any extension of the answer deadlines. For two weeks thereafter, the state's counsel said nothing about extending those deadlines, much less suggest Defendant's obligations to answer be adjourned for an indefinite period. The parties agreed to the preliminary injunction motion schedule on the premise that Defendants' responses to the complaint (whether by answer or motion) would be filed well in advance of the January 20, 2026, motion day. Or, at least, that was our understanding.

But, on December 5, 2025, the state's counsel contacted us to request another extension, this time proposing that their responsive pleading deadlines regarding the complaint be put off until after the preliminary injunction motion had been briefed, argued, and decided. We told the state's counsel we could not agree to an indeterminate stay of Defendants' obligation to respond to the complaint. We offered to discuss scheduling with the state's counsel, but they did not take up our offer.

Instead, on December 10, 2025, Defendants applied for a Clerk's Order extending their time to answer. Dkt. No. 23. The Clerk granted their application, resetting the answer deadlines to December 26, 30, and 31, 2025. Then, after obtaining these extensions, the state's counsel filed a letter with this Court requesting an adjournment of Defendants' deadlines altogether until after the Court hears and decides the preliminary injunction motion. Dkt. No. 24.

Thus, at this point, Defendants have obtained a five-week extension for hearing the preliminary injunction motion, a two-week extension of the answer deadline (and further delay based on the state's counsel's initial refusal to accept service), and now seek another extension of the deadlines for responding to the complaint that would add months more delay.

Delaying the obligation to file responsive pleadings until after the Court rules on the preliminary injunction likely will put off this case's resolution by months. Delay is especially problematic here, where Defendants' enforcement of the School Ethics Act chills Ms. Nazarene's First Amendment rights. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable

---

[1] These dates for Defendants' respective responses to the preliminary injunction motion came about because, although the state's counsel represents all of the Defendants in this case, they initially refused service for the members of the School Ethics Commission but then changed course and accepted service on their behalf. The service dates for the respective Defendants therefore are November 21, 25, and 26, 2025.

injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

Defendants' requested indefinite adjournment, if allowed, would also give them unfair advantage—effectively two bites at the apple. Rather than advancing all arguments they may have in opposition to Plaintiff's claims and the preliminary injunction motion, Defendants' counsel assert they should be permitted to wait and see how the Court rules on the preliminary injunction and *then* decide whether to bring a Rule 12(b) motion challenging the claims. *See* Dkt. No. 24 at 2 ("The outcome of the pending motion will directly influence how Defendants will proceed in the matter going forward, including how they will respond to the complaint.").

Defendants' proposal is also inefficient for the Court and the parties. The district court's inherent power to stay proceedings exists "to promote fair and efficient adjudication." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). Defendants who seek a stay of their response deadlines must demonstrate "'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Here, Defendants fail to demonstrate any hardship or inequity. They merely seek the stay so that the "outcome of the pending motion [can] directly influence how Defendants will proceed." Dkt. No. 24 at 2.

From the outset of this case, we have attempted to work with the state's counsel as to scheduling. For example, as noted above, we successfully reached a stipulation with the state's counsel on the preliminary injunction motion schedule to avoid burdens during the holidays. More recently, we have offered to discuss alternatives to a stay with the state's counsel, which could include a reasonable extension to put Defendants on a uniform schedule for responsive pleadings, but no discussion has taken place. For the reasons stated above, Ms. Nazarene respectfully opposes Defendants' request for an indefinite stay and welcomes the opportunity to discuss this with the Court on December 19, 2025.

Dated: December 18, 2025               Respectfully submitted,

/s/ *Greg Harold Greubel*
Greg Harold Greubel
   (NJ Bar No. 171622015)
James C. Grant*
   (WA Bar No. 14358)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
greg.greubel@thefire.org
jim.grant@thefire.org

Daniel A. Zahn*
   (DC Bar No. 90027403)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
daniel.zahn@thefire.org

*Admitted pro hac vice

*Counsel for Plaintiff*

CC: All Counsel of Record via ECF