**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**GAIL NAZARENE**,

*Plaintiff*,

v.

**KEVIN DEHMER**, *New Jersey Department of Education Commissioner, et al.*,

*Defendants*.

No. 25-cv-17770

**ORDER**

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court following its May 26, 2026 Opinion and Order denying Plaintiff Gail Nazarene's Motion for a Preliminary Injunction for lack of pre-enforcement standing.[1] (ECF Nos. 42–43). In the Opinion and Order, the Court also ordered Plaintiff to show cause why the Complaint should not be dismissed for the same reason. The parties filed supplemental briefs addressing this narrow issue. (*See* ECF Nos. 48–49); and

**WHEREAS**, having considered the parties' supplemental submissions, the Court remains persuaded that, for substantially the same reasons set forth in its prior Opinion, *Nazarene v. Dehmer*, 834 F. Supp. 3d 521 (D.N.J. 2026), Plaintiff has not alleged a credible and substantial threat of enforcement sufficient to establish pre-enforcement standing under Article III. Plaintiff's additional emphasis in her supplemental briefing on her intended speech, the Commission's "uneven" enforcement history, the Cobb complaint, and the duration of Commission proceedings

[1] All terms used herein have the same meanings as those used in the Court's prior Opinion. (ECF No. 42).

does not alter the Court's conclusion. (Pl.'s Supp. Br., ECF No. 48 at 6–26). Most notably, the third-party Cobb complaint remains unscreened for probable cause and held in abeyance pending the outcome of this case by operation of state law, and the Commission's mixed, fact-specific enforcement history still does not render enforcement against Plaintiff's vaguely alleged intended speech—on "matters of public interest" in "all mediums"—substantially likely. *See Nazarene*, 834 F. Supp. 3d at 528–29; and

**WHEREAS**, subsequent authority does not alter the Court's conclusion. In *First Choice Women's Resource Centers, Inc. v. Davenport*, 608 U.S. 174, 188–90 (2026), the state itself issued a subpoena directed at the plaintiff, which the Supreme Court concluded independently burdened the plaintiff's associational rights and created a cognizable Article III injury. Here, by contrast, no comparable state-initiated process exists. The Third Circuit's recent decision in *National Shooting Sports Foundation v. Attorney General of New Jersey* ("*NSSF II*"), ___ F.4th ___, No. 25-2546, 2026 WL 2639295 (3d Cir. Sept. 8, 2026), likewise does not alter the result. At most, *NSSF II* clarifies, as this Court previously recognized, that the absence of criminal penalties does not, standing alone, defeat pre-enforcement standing. *See id.* at *6 n.4. But standing there rested on six civil enforcement actions brought under the challenged statute, including actions against two of the plaintiff-association's members. *Id.* at *5–6. Here, no similar enforcement posture currently exists. Although the civil and administrative nature of the Act's potential sanctions remains relevant to the standing inquiry, it is not independently dispositive. Instead, dismissal rests on the absence of a substantial threat of enforcement against Nazarene for the conduct she intends to undertake. *See Nazarene*, 834 F. Supp. 3d at 539 n.7; and

**WHEREAS**, because Plaintiff lacks Article III standing, the Court lacks subject-matter jurisdiction and must dismiss the action. *See* FED. R. CIV. P. 12(h)(3); therefore

**IT IS** on this 9th day of September, 2026,

**ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE**; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**